TRINETTE G. KENT (State Bar No. 025180)
3219 East Camelback Road, #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Stephanie Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Martin, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **FOR VIOLATIONS OF:** |
| Early Warning Services, LLC; and Chase Bank USA, N.A., | **1. THE FAIR CREDIT REPORTING ACT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, Stephanie Martin (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Chase Bank USA, N.A. and Early Warning Services, LLC (hereafter "Defendants") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendants' violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Pompano Beach, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c). Plaintiff owed a debt that was paid in full.

5. Defendant, Early Warning Services, LLC ("Early Warning") is an Arizona business entity with a place of business located in Scottsdale, Arizona. Early Warning is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f). Early Warning is regularly engaged in the business of assembling,

evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

6. Defendant, Chase Bank USA, N.A ("Chase Bank"), is a business entity located in Wilmington, Delaware, and is a "person" as the term is defined by 47 U.S.C. § 153(39). Chase also furnishes consumer information to the Credit Reporting Agencies ("CRAs").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. In or around 2015, Plaintiff allegedly incurred a deposit account debt, account number ending in 6618, to Chase Bank (the "Debt").

8. On or about February 18, 2016, the Debt was paid in full pursuant to a settlement between Plaintiff and Chase.

9. Thereafter, Plaintiff discovered that the Debt was being negatively reported as an account risk to Early Warning.

10. In or around March 2017, Plaintiff disputed the Debt with Early Warning. Plaintiff explained that the Debt was resolved in February 2016 per a settlement with Chase.

11. Plaintiff, through her attorneys, also informed Chase that the Debt was being negatively reported to Early Warning and asked Chase to correct the erroneous credit reporting.

12. Defendants responded that the information being reported to Early Warning was accurate.

13. To date, Defendants continue to report the Debt as owing.

14. Upon Plaintiff's notification that the Debt was disputed and request that it be corrected, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that Early Warning did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify Chase's representations regarding the Debt.

15. As a result of the foregoing, Plaintiff was denied a new bank account, causing her extreme humiliation.

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq.* by THE DEFENDANTS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. Early Warning violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports.

     b.     Early Warning violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to Chase Bank; by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

     c.     Chase Bank violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

18.     Defendants' conduct, action, and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

19.     As a result of Defendants' conduct, action, and inaction, Plaintiff incurred actual damages in the form of denial of a new bank account.  Plaintiff also suffered damages by loss of the ability to purchase and benefit from credit and the mental and emotional pain, humiliation, and embarrassment of denials.

20. Plaintiff is entitled to recover costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for:

A. Statutory damages pursuant to 15 U.S.C. § 1681;

B. Attorneys' fees and costs pursuant to 15 U.S.C. § 1681;

C. Actual damages for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FCRA violations in an amount to be determined at trial;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED: August 2, 2017                    TRINETTE G. KENT

By:  */s/  Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Stephanie Martin